UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAURICE WILLIAMS, et al., )
)
        Plaintiffs, )
)
vs. ) Case No. 4:07-CV-997 CDP
)
JAMES W. MURPHY, et al., )
)
        Defendants. )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Maurice Williams and Thomas Lacy for leave to commence this action without payment of the required filing fee [Doc. #2].

**Discussion**

**A. Plaintiff Maurice Williams**

Title 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if "on 3 or more [earlier] occasions, . . . [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff Maurice Williams may not seek to bring the instant action in forma pauperis pursuant to 28 U.S.C. § 1915. A review of this Court's files indicates that this Court has previously dismissed three of plaintiff's cases as frivolous and/or for failure to state a claim upon which relief may be granted. See Williams v. Schriro, No. 4:97-CV-1363 FRB (E.D. Mo.); Williams v. Mueller, No. 4:01-CV-209 CEJ (E.D. Mo.); and Williams v. Sailor, No. 4:07-CV-1309 TCM (E.D. Mo.). Furthermore, a review of the complaint indicates that plaintiff Maurice Williams is not

under "imminent danger of serious physical injury." Because said plaintiff has had three or more previous actions dismissed as frivolous and/or for failing to state a claim, he must pay the full $350 filing fee. See In re Tyler, 110 F.3d 528 (8th Cir. 1997).

**B. Plaintiff Thomas Lacy**

At the time plaintiff Thomas Lacy filed this action, he was incarcerated. He has since been released from prison. See Lacy v. Murphy, No. 4:07-CV-828-TCM, Doc. #8 (E.D.Mo.). Because plaintiff was incarcerated at the time he filed this action, he is responsible for paying the initial partial filing fee required by 28 U.S.C. § 1915(b)(1); see Robbins v. Switzer, 104 F.3d 895 (7th Cir. 1997); however, plaintiff claims that the institution where he was incarcerated refused to issue him a certified copy of his account statement [Doc. #3]. Under these circumstances, the Court will order plaintiff Thomas Lacy to complete and submit to this Court a Financial Affidavit (CJA Form 23) so the Court can determine whether he may proceed in forma pauperis in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Maurice Williams is **DENIED** leave to commence this action without payment of the statutory filing fee.

**IT IS FURTHER ORDERED** that plaintiff Maurice Williams shall have thirty (30) days from the date of this order to pay the $350 filing fee.

**IT IS FURTHER ORDERED** that if plaintiff Maurice Williams fails to pay the filing fee within thirty (30) days, the Court will dismiss him, without prejudice, as a party-plaintiff to this action. See Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff Thomas Lacy shall complete and submit to this Court a Financial Affidavit (CJA Form 23) within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff Thomas Lacy fails to submit a completed CJA Form 23 within thirty (30) days from the date of this Order without good cause shown, the Court will dismiss this action as to said plaintiff, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to plaintiff Thomas Lacy a copy of this Order and Memorandum, as well as a Financial Affidavit (CJA Form 23).

Dated this 9th day of August, 2007.

_____
**UNITED STATES DISTRICT JUDGE**