UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MAURICE WILLIAMS,            )
                             )
            Plaintiff,       )
                             )
       v.                    )      No. 4:07-CV-997-CDP
                             )
JAMES W. MURPHY, et al.,     )
                             )
            Defendants.      )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Maurice Williams (registration no. 90884) for leave to commence this action without payment of the required filing fee.[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

---

[1]The Court requested plaintiff to submit a certified copy of his prison account statement, and in response, plaintiff informed the Court that despite his efforts to comply, the St. Louis City Justice Center refused to provide him with the requisite information [Doc. #9]. Thereafter, the Court sent a letter to the Business Office Manager at the St. Louis City Justice Center, requesting a certified copy of plaintiff's inmate account statement [Doc. #10]. Over sixty days have passed, and to date, the Court still has not received a response. In light of these facts, the Court will not assess an initial partial filing fee in this case.

who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against James W. Murphy (Sheriff, St. Louis City), Office of the Public Defender, and the Honorable Elizabeth Byrne Hogan. Plaintiff alleges that defendant Murphy "has been overpopulating the facility [in] which [he] is being held . . . such that prisoners are sleeping on the floors and 80 persons are confined in a space designed for 35 [and] the situation is denying prisoners access to the Courts while jail officials continually threaten prisoners with violence and deprivation of food." In

addition, he claims that the Public Defender's Office "is failing in its duty to represent [him]," and "Judge Hogan . . . has the authority to grant immediate release . . . but she's denying prisoners this right."

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and fails to state a claim or cause of action. The "Office of the Public Defender" is not a suable entity for purposes of § 1983. Moreover, public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's allegations against the Honorable Elizabeth Byrne Hogan are legally frivolous in that judges are immune from liability for damages under § 1983, where, as in the instant case, the alleged wrongdoings were performed within his or her judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

In addition, the Court concludes that the allegations do not state an access-to-the-courts claim, because plaintiff has not alleged that he suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated). Furthermore, plaintiff's claim that jail officials continually threaten

prisoners with violence and deprivation of food is legally frivolous and fails to state a claim or cause of action. See Burton v. Livingston, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983). Last, to the extent that plaintiff is asserting claims on behalf of other inmates, he lacks standing to do so.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

---

[2]In addition, if plaintiff is alleging that the conditions of his confinement are unconstitutional due to overcrowding, his claim is legally frivolous. See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of December, 2007.

_____
**UNITED STATES DISTRICT JUDGE**